# EXPERT REPORT OF MARK J. MAZZ, AIA

I have been engaged as a consultant by Plaintiff, Tracy Anthony Miller, in connection with the case styled *Miller v. King*, *et al.*, United States District Court, Southern District of Georgia, Statesboro Division, Civil Action No. 6:98-CV-0109JEG, and by Plaintiff, Tony Goodman, in connection with the case styled *Goodman v. Donald, et al.*, United States District Court, Southern District of Georgia, Statesboro Division, Civil Action No. 6:99-CV-012JEG.  This report, in accordance with Federal Rule of Civil Procedure 26(a)(2)(B), sets forth the opinions I have reached in this matter to date.  I reserve the right to modify those opinions as additional information becomes available.

I was engaged to perform an ADA/Section 504 evaluation of the physical facilities at Augusta State Medical Prison, Georgia State Prison, and Georgia Diagnostic and Classification Prison.  My report is attached as Exhibit C.

## I. Qualifications

I am a registered architect and a member of the American Institute of Architects.  I have spent more than 70% of my thirty-year career focusing on accessibility issues. The details of my qualifications and publications are listed in the CV attached as Exhibit A.

From November 2004 to February 2007, I worked for the Disability Rights Section of the US Department of Justice Civil Rights Division.  My work included accessibility evaluations of correctional facilities.

## II. Compensation

My fee schedule and invoice(s) to date are attached as Exhibit B.

## III. Prior Testimony

All of my prior testimony for the last ten years is listed on the CV attached as Exhibit A.

## IV. Information and Documents Considered

I determine my opinions from visiting the prisons and reviewing the following documents:

- A. US Supreme Court Nos. 04-1203 and 04-1236, United States, Petitioner v. Georgia et al, Tony Goodman, Petitioner v. Georgia et al, January 10, 2006.
- B. US Court of Appeals for the Eleventh Circuit No. 02-13348, D.C. Docket No. 98-00109-CV-6, Tracy Miller v. Ronald King, Appeal from the United States District Court for the Southern District of Georgia, September 14, 2004.

C. Tracy Anthony Miller v. Hugh Smith et al, Civil Action No. 6:98-109-JEG:  Defendants' Answer and Defenses, May 15, 2008
D. Tracy Anthony Miller v. Hugh Smith et al, Civil Action No. 6:98-109-JEG:  Amended Complaint, November 20, 2006
E. Website for Invacare Corporation:  http://www.invacare.com/cgi-bin/imhqprd/index.jsp
F. Tough on Crime and the Budget:  The Difficult Balancing Act of Public Safety and Skyrocketing Prison Costs.  Special Report, January 2008 by Robert Z. Welsh, a Georgia Budget and Policy Institute publication
G. ADA Standards for Accessible Design, excerpt from 28 CFR Part 36, revised July 1, 1994.
H. Americans with Disabilities Act and Architectural Barriers Act Accessibility Guidelines, July 23, 2004.
I. 28 CFR Part 35:  Nondiscrimination on the Basis of Disability in State and Local Government Services
J. ADA Title II Technical Assistance Manual, January 26, 1991.
K. ADA Title II Technical Assistance Manual 1994 Supplement.
L. ADA/Section504 Design Guide:  Accessible Cells in Correctional Facilities
M. 28 CFR Part 42:  Subpart G – Nondiscrimination Based on Handicap in Federally Assisted Programs or Activities – Implementation of Section 504 of the Rehabilitation Act of 1973
N. Uniform Federal Accessibility Standards (UFAS)
O. Documents from Department of Corrections sent to me as "2008-08-19 Docs Produced be State 081408 (arch).pdf"
P. Notice of Proposed Rulemaking (NPRM) Proposal to Revise ADA Regulations under Title II and Title III, June 17, 2008

The following information, which may have an effect on my opinion, was not available to me:

A. A list of services, programs, and activities available at the security levels of Mr. Goodman and Mr. Miller at each prison.
B. Identification of all spaces used for these services, programs, and activities.
C. A visit to comparable cells that serve persons without disabilities who have the same security levels as Mr. Goodman and Mr. Miller.
D. Documentation of all construction and alterations made since March 7, 1988, including, for each instance, construction drawings, construction costs, start and completion dates, and other documentation that can substantiate the nature and extent of the work.  For example, replacing a broken toilet would not be considered an alteration.  However, replacing all the fixtures in a toilet room would be considered an alteration.

**V.** **Opinions**

    A. The Department of Justice (DOJ) Section 504 regulations require new construction, additions, or alterations constructed after March 7, 1988 to comply with the Uniform Federal Accessibility Standards (UFAS) (§42.522). The Americans with Disabilities Act (ADA) Title II regulations require new construction, additions, or alterations constructed after January 26, 1992 to comply with either UFAS or the ADA Standards for Accessible Design. (§35.151) UFAS Section 4.1.4(9)(b) requires 5% of the residential units and all common use areas be made accessible.

    B. Portions of facilities that have not been altered since March 7, 1988 must comply with Section 504 §42.521 and ADA §35.150(a). These sections require a public entity to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. Services, programs, and activities (programs) include housing in different levels of confinement, such as medium security, closed security, and high maximum security. It also includes access to recreational facilities, classrooms, libraries, computers, work programs, visitation areas, mailrooms, commissaries, and other areas. According to DOJ, facilities designated for accessible programs must comply with either UFAS or the ADA Standards for Accessible Design. (35.150(3)(b), in the Preamble: "The requirements of §35.151 for alterations apply to structural changes undertaken to comply with this section.")

    C. Augusta State Medical Prison, Georgia State Prison, and Georgia Diagnostic and Classification Prison do not comply with Section 504 of the Rehabilitation Act of 1973 or the Americans with Disabilities Act. My specific findings of noncompliance are listed in Appendix C.

       a. These prisons have physical barriers to accessibility in areas constructed or altered after March 7, 1988 for Section 504 and January 26, 1992 for the ADA.
       b. These prisons have physical barriers to services, programs, and activities that are available to Mr. Goodman and Mr. Miller.

Signature:

_____
Mark J. Mazz, AIA

This  2nd  day of  September , 2008